ORIGINAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6311 CR-HUCK

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

JOHN GALLO, et al.

        **Defendants.**

NIGHT BOX
FILED

FEB 0 9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION OF DEFENDANT JOHN GALLO
## FOR DISCOVERY

NOW COMES the Defendant JOHN GALLO, by and through his counsel-of-record, James D. Henderson and Martin R. Raskin, and files with the court this motion for discovery and inspection of materials and information in the custody and control of the prosecution.

This motion is based on the following Memorandum of Points and Authorities, the files and records herein, and upon such other and further evidence, oral and written, as may be adduced at any hearing on this motion.

i



# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   STATEMENTS BY THE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

III.  STATEMENTS OF CO-CONSPIRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

IV.   WITNESSES AND THEIR STATEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
      A.    Identification and Addresses of Prospective Government Witnesses . . . . . . . .  3
      B.    Witness' Prior Statements and Testimony (Jencks Act Material) . . . . . . . . . .  4

V.    DISCOVERY RELATING TO AUTHORIZATION FOR ELECTRONIC
      EAVESDROPPING AND OTHER SURVEILLANCE . . . . . . . . . . . . . . . . . . . .  5

VI.   IDENTITY OF CONFIDENTIAL INFORMANTS . . . . . . . . . . . . . . . . . . . . . . .  6

VII.  BRADY MATERIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
      A.    Witnesses' Criminal Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
      B.    Witnesses' Bad Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
      C.    Consideration and Promises to Witnesses . . . . . . . . . . . . . . . . . . . . . . .  9
      D.    Threats and Coercion of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
      E.    Information Relating to Government Employees . . . . . . . . . . . . . . . . . . . . .  12
      F.    Disclosure of Pre-Sentence Reports . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
      G.    Impeaching Material . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

VIII. PRIOR SIMILAR ACT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

IX.   SCIENTIFIC TESTS; DEFENDANT'S RECORD; AND PHYSICAL AND
      DOCUMENTARY EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

X.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alderman v. United States*
     394 U.S. 165 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Alford v. United States*
     282 U.S. 687 (1931) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Annunziato v. Manson*
     566 F.2d 410 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Boone v. Paderick*
     541 F.2d 447 (4th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brady v. Maryland*
     373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 15

*Davis v. Alaska*
     415 U.S. 308 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Giglio v. United States*
     405 U.S. 150 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 15

*Gorham v. Wainwright*
     558 F.2d 178 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Grant v. Alldredge*
     498 F.2d 376 (2d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gregory v. United States*
     369 F.2d 185 (D.C. Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Napue v. Illinois*
     360 U.S. 264 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Powell v. Wiman*
     287 F.2d 275 (5th Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Rovario v. United States*
     353 U.S. 53 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

## TABLE OF AUTHORITIES
### (Continued)

Page

*Smith v. Illinois*
390 U.S. 129 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Agurs*
427 U.S. 97 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Aims Back*
588 F.2d 1283 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Alvarez-Lopez*
559 F.2d 1155 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*United States v. Antone*
603 F.2d 566 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Bailleaux*
685 F.2d 1105 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Baxter*
492 F.2d 150 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Bibbero*
749 F.2d 581 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Bonanno*
430 F.2d 1060 (2d Cir. 1970), *cert. denied*, 400 U.S. 964 (1971) . . . . . . . . . . . . . . . . 11

*United States v. Bonilla*
615 F.2d 1262 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Cadet*
727 F.2d 1453 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Caldwell*
543 F.2d 1333 (D.C. Cir. 1974),
*cert. denied*, 423 U.S. 1087, 96 S.Ct. 877 (1976) . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Campagnolo*
592 F.2d 852 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES
## (Continued)

Page

*United States v. Cannone*
    528 F.2d 296 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Deutsch*
    475 F.2d 55 (5th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Egan*
    501 F.Supp. 1252 (S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Eley*
    335 F.Supp. 353 (N.D. Ga. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Fine*
    413 F.Supp. 740 (W.D. Wis. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Garrett*
    542 F.2d 23 (6th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Hitchmort*
    609 F.2d 1098 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Hodges*
    770 F.2d 1475 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Holmes*
    722 F.2d 37 (4th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Jackson*
    508 F.2d 1001 (7th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Jensen*
    608 F.2d 1349 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Johnson*
    525 F.2d 999 (2d Cir. 1975), *cert. denied*, 424 U.S. 920 (1976) . . . . . . . . . . . . . . . . . 1

*United States v. Layton*
    564 F.Supp. 1391 (D. Or. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

### TABLE OF AUTHORITIES
### (Continued)

Page

*United States v. Leja*
    568 F.2d 493 (6th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Lewis*
    511 F.2d 798 (D.C. Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Mayer*
    556 F.2d 245 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Morell*
    524 F.2d 550 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Morrison*
    43 F.R.D. 516 (N.D. Ill. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Nakashian*
    635 F.Supp. 761 (S.D.N.Y. 1986); *rev'd on other grounds*, 820 F.2d 549 . . . . . . . . . 3

*United States v. Opanger*
    589 F.2d 799 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Padgent*
    432 F.2d 701 (2d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Partin*
    493 F.2d 750 (5th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

*United States v. Payden*
    613 F.Supp. 800 (S.D.N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Quinn*
    164 F.Supp. 432 (N.D. Ga. 1973),
    *aff'd on other grounds*, 515 F.2d 1240 (5th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Richter*
    488 F.2d 170 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Sanfilippo*
    564 F.2d 176 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*United States v. Sutton*
    542 F.2d 1239 (4th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Tashman*
    478 F.2d 129 (5th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Thevis*
    84 F.R.D. 47 (N.D. Ga. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 8

*United States v. Valencia*
    656 F.2d 412 (9th Cir. 1981), *cert. denied,* 454 U.S. 877 (1981) . . . . . . . . . . . . . . . 14

*United States v. Vielguth*
    502 F.2d 1257 (9th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Walker*
    538 F.2d 266 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. White*
    750 F.2d 726 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Wylie*
    625 F.2d 1371 (9th Cir. 1989), *cert. denied,* 449 U.S. 1080 (1981) . . . . . . . . . . . . . . 6

*Williams v. Dutton*
    400 F.2d 797 (5th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wiman v. Powell*
    293 F.2d 605 (5th Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## CODES

18 United States Code
    § 2515 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 2518 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
    § 3504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES
## (Continued)

**Page**

Federal Rules of Criminal Procedure
    Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8, 15

Federal Rules of Evidence
    Rule 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Rule 608 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    Rule 609 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    Rule 801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The Jencks Act
    18 United States Code § 3500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 15

## OTHER AUTHORITIES

62 F.R.D. 271, 308 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

H.R.Rep. 93-1597, 93rd Cong. 2d Sess. 9 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION.

The Government has charged movant, JOHN GALLO, and eight co-defendants, in a forty-three (43) count indictment, covering a 13-year period in, at least, 2 divergent states (Florida and California) and in foreign countries in Europe, with money laundering, conspiracy, and the importation and possession of narcotics with intent to distribute.

### II.  STATEMENTS BY THE DEFENDANTS.

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure expressly requires the production, upon request, of relevant written or recorded statements made by the defendant to persons then known to be Government agents which the Government intends to use at trial.  The language of this portion of Rule 16 is mandatory.  United States v. Thevis, 84 F.R.D. 47, 50 (N.D. Ga. 1979).  Defendant is also entitled to any rough or handwritten notes taken by the agents in their interview of the defendant.  United States v. Layton, 564 F.Supp. 1391, 1395-96 (D. Or. 1983); United States v. Egan, 501 F.Supp. 1252, 1264 (S.D.N.Y. 1980).

Production of the defendant's written and recorded statements should include any oral statements which subsequently were memorialized by the Government.  United States v. Johnson, 525 F.2d 999, 1004 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976) (both verbatim statements and summaries of conversations recorded after the fact are discoverable).  A narrower definition of "statement" would simply encourage government agents to summarize interviews rather than record them verbatim.  United States v. Morrison, 43 F.R.D. 516, 519 (N.D. Ill. 1967).

Production should also include tape recordings between an accused and the Government informant or agent under Rule 16(a)(1)(A). United States v. Walker, 538 F.2d 266 (9th Cir. 1976).

The Rule contemplates the application of an expansive view of what is or could be relevant and therefore discoverable. Thus, in United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982), the court in discussing subdivision (a)(1)(A) of Rule 16 stressed:

> Rule 16(a)(1)(A) can fully serve its intended purpose only if the Government takes a broad view of what is relevant for purposes of that provision. We believe the Government should disclose any statement made by the defendant that may be relevant to any possible defense or contention that the defendant might assert. Ordinarily, a statement made by the defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the Government is in doubt, the written or recorded statement should be disclosed, if a proper request is made.

Id., at p. 1114. See also, United States v. Caldwell, 543 F.2d 1333, 1352 n. 93 (D.C. Cir. 1974) ("The fact that the materials were used for impeachment and rebuttal does not make them any less relevant"), cert. denied, 423 U.S. 1087, 96 S.Ct. 877 (1976); United States v. Layton, 564 F.Supp. at 1395-96 (following Bailleaux).

## III.    STATEMENTS OF CO-CONSPIRATORS.

Defendant moves for production of the statements of any co-conspirators, whether named, or unnamed in the indictment.

In United States v. Thevis, 84 F.R.D. 47 (N.D. Ga. 1979), the court held that because the statement of a co-conspirator is admissible against the defendant as if it were his/her own under

Federal Rule of Evidence 801(d)(2)(e), it should be deemed a statement of the defendant for the purpose of discovery. Id. at p. 56.

Other courts have adopted this reasoning, at least as to the statements of co-conspirators who will not testify at trial. See, United States v. Payden, 613 F.Supp. 800, 820 (S.D.N.Y. 1983); United States v. Fine, 413 F.Supp. 740, 742-43 (W.D. Wis. 1976). Discovery of such co-conspirator statements is especially appropriate if the Government does not intend to call the co-conspirators as witnesses at trial. United States v. Nakashian, 635 F.Supp. 761, 773 (S.D.N.Y. 1986); rev'd on other grounds, 820 F.2d 549.

The rule favoring discovery of co-conspirator statements flows directly from Federal Rule of Evidence 801(d)(2)(E), which provides that "a statement by a co-conspirator [of a party] during the course and in furtherance of the conspiracy" is not hearsay and is thus admissible against that party. See, e.g., United States v. Fine, supra. Since statements of alleged co-conspirators are thus treated by Rule 801 as statements of the defendant him or herself, the co-conspirator statements should be discoverable by the defendant as though they were his/her own statements. Id.

Based on the authorities set forth above, it is respectfully requested that the court rule that all co-conspirator statements, no matter when or to whom made, whether recorded or not, that touch upon the defendant's alleged criminal acts in any conceivable manner, are discoverable.

## IV.    WITNESSES AND THEIR STATEMENTS.

### A.    Identification and Addresses of Prospective Government Witnesses.

The identity and address of each prospective Government witness on issues material to a defendant's guilt or innocence must ordinarily be provided:

3

> . . . the burden falls on the government to show why, in a particular
> case, such disclosure should not be made. The mere wish of a
> witness not to be interviewed is insufficient to meet this burden.
> Indeed, a witness' desire not to be interviewed becomes relevant
> only after his whereabouts have been disclosed . . . .

United States v. Opanger, 589 F.2d 799, 805 (5th Cir. 1979).

It has long been established that the Sixth Amendment's confrontation clause requires that an accused be permitted to inquire as to a witness' address and whereabouts. Smith v. Illinois, 390 U.S. 129 (1968); Alford v. United States, 282 U.S. 687 (1931). Disclosure prior to trial merely serves the constitutional function of permitting effective preparation of a defense. United States v. Opanger, supra.

**B.    Witness' Prior Statements and Testimony (Jencks Act Material).**

The Jencks Act, 18 U.S.C. Section 3500, permits the defense to obtain copies of a witness' prior testimony and statements. It is indeed the case that the discovery of a witness' statement or testimony may not be compelled until the witness testifies. United States v. White, 750 F.2d 726 (5th Cir. 1984); United States v. Bibbero, 749 F.2d 581, 585 (9th Cir. 1984).

However, it is likewise true that the Jencks Act contemplates that a witness' statement should be furnished so that the defendant may have a "reasonable opportunity to examine it and prepare for its use in the trial." United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983) (where trial court ordered Government to turn over voluminous statements made by a witness 24 hours before the witness was scheduled to testify rather than delay the trial to give the defendant the opportunity to make effective use of his/her right to that material).

Hence, the Jencks Act does not prohibit the Government from producing the statements; indeed, early disclosure is to be encouraged. United States v. Campagnolo, 592 F.2d 852, 858 n.

4

3 (5th Cir. 1979). In the instant case, in which counsel have been informed may be more than two months in duration, adequate preparation by defense counsel without early production of Jencks Act material will unnecessarily lengthen the trial and effectively hinder preparation by the defense without any reasonable need to do so.

## V.   DISCOVERY RELATING TO AUTHORIZATION FOR ELECTRONIC EAVESDROPPING AND OTHER SURVEILLANCE.

The Defendant Gallo is entitled under Title III to discovery related to the authorization for such surveillance and the lawfulness of the procedures under which that surveillance was carried out.

18 U.S.C. 2515 provides that no information derived from electronic eavesdropping "may be received in evidence in any trial, hearing, or other proceeding . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. 2518(10)(a) provides that an aggrieved person may move to suppress, as violating Title III, the contents of any intercepted wire or oral conversation or evidence derived therefrom on the grounds that there was an unlawful interception of the communication; the authorization order was insufficient on its face; or the interception was not made in conformance with the authorization order. Id.

Defendant will move at a later time, if appropriate, to suppress electronic surveillance in this case. At this time, however, defendant is entitled to discovery related to the Government's electronic surveillance activities in order to determine whether the Government's wiretap evidence was lawfully obtained.

If the Government conducted electronic surveillance of the defendants, the Government has an obligation to disclose such activities pursuant to Alderman v. United States, 394 U.S. 165,

5

181 (1969) and 18 U.S.C. 3504. If no prior electronic surveillance took place, the Government

has an obligation to say so in an unambiguous and unequivocal manner. See, United States v.

Vielguth, 502 F.2d 1257, 1260 (9th Cir. 1974). Prior to denying that any electronic surveillance

took place, the Government has an obligation to search the appropriate agency files to determine

whether any unlawful electronic surveillance activities took place. See, United States v. Wylie,

625 F.2d 1371 (9th Cir. 1989), cert. denied, 449 U.S. 1080 (1981).

If such surveillance did occur, the Government should disclose to the defense all records,

including tapes and transcripts relating to such activities. The Defendant Gallo is entitled to

obtain any such records pursuant to Section 2518(10)(a)(iii) of Title 18 of the United States

Code.

## VI.    IDENTITY OF CONFIDENTIAL INFORMANTS.

Defendant's discovery request, as relates to witnesses or potential witnesses, includes the

identities and statements of any confidential informants utilized by the Government in the

investigation leading to the indictment in this case. In Rovario v. United States, 353 U.S. 53

(1957), the leading case on discovery of informants, the Supreme Court held that whether the

Government must disclose the identity of a confidential informant depends on "balancing the

public interest and protecting the flow of information against the individual's right to prepare his

defense." Id. at 62.

Factors to be considered are "the particular circumstances of each case, taking into

consideration the crime charged, the possible defenses, the possible significance of the informer's

testimony, and other relevant factors." Id. If the informer's identity or what he/she knows "is

relevant and helpful to the defense of an accused, or is essential to a fair determination of a

6

cause," disclosure is compelled. Id. at 60-61. A disclosure is compelled whenever the informant
is a percipient witness to facts material to the crime charged. Id. at 64-65; United States v.
Bonilla, 615 F.2d 1262, 1264 (9th Cir. 1980).

## VII. BRADY MATERIAL.

Due process requires that the Government not suppress evidence favorable to the accused
or discrediting to its own case, and, upon request, that it disclose to the defense all such
information. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97
(1976). This requirement of candor by the Government encompasses information which bears
upon the credibility of its witnesses, as well as matters more directly material to guilt or
innocence. Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. United States, 405 U.S. 150 (1972);
Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968).

Disclosure of information impeaching witnesses' credibility must be timed to enable
effective preparation for trial. United States v. Baxter, 492 F.2d 150, 173-174 (9th Cir. 1973);
Gorham v. Wainwright, 558 F.2d 178, 180 (5th Cir. 1979); Grant v. Alldredge, 498 F.2d 376,
381-382 n. 5 (2d Cir. 1974).

Additionally, in United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984), the court
noted:

> A person who has actually witnessed a crime through any of his
> senses can either provide evidence which is favorable to the defense
> or which may tend to raise a reasonable possibility that the accused
> is guilty. Thus, it was quite appropriate for the district court to
> conclude from the fact that the Government did not intend to call a
> witness to the crime that there was a reasonable possibility that
> such person would be able to provide evidence favorable to the
> defense. No further showing of materiality was required. The
> Government offered no evidence to rebut this logical inference. No

7

> legitimate governmental interest has been suggested which would
> justify denying to the accused the identity of a witness to a crime
> whose testimony may be exculpatory. 'Witnesses, particularly
> eyewitnesses, to a crime are property of neither the prosecution nor
> the defense. Both sides have an equal right, and should have an
> equal opportunity, to interview them.' <u>Gregory v. United States</u>,
> 369 F.2d 185, 188 (D.C. Cir. 1966).

Accordingly, the Defendant Gallo specifically requests a list of all witnesses to any of the charged

violations in which he has allegedly participated whose testimony is potentially exculpatory. This

information may be ordered produced not only under the <u>Brady</u> doctrine, but also pursuant to the

court's long recognized inherent power to enter discovery orders relating to matters not

specifically set out in Rule 16. <u>See</u>, <u>e.g.</u>, <u>United States v. Cannone</u>, 528 F.2d 296 (2d Cir. 1975);

<u>United States v. Jackson</u>, 508 F.2d 1001, 1006-07 (7th Cir. 1975); <u>United States v. Richter</u>, 488

F.2d 170, 173-74 (9th Cir. 1973). See also the Supreme Court Advisory Committee's

explanation, 62 F.R.D. 271, 308 (1974), concerning Rule 16 constituting merely the minimum

checklist for pre-trial discovery:

> The rule is intended to prescribe the minimum amount of discovery
> to which the parties are entitled. It is not intended to limit the
> judge's discretion to order broader discovery in appropriate cases.

This court is empowered with determining, under <u>Brady</u>, whether "the subject matter of

the [specific] request is material, or indeed if a substantial basis for claiming materiality exists."

<u>United States v. Agurs</u>, <u>supra</u>, at 106. Furthermore, the court must also determine, under Rule

16(a)(1)(C) of the Federal Rules of Criminal Procedure, whether the request embraces matters

which are "material to the preparation of [the] defense."

Together, the force of <u>Brady</u> and Rule 16(a)(1)(C) mandates pre-trial disclosure of the

impeaching evidence sought by the instant motion. <u>See</u>, <u>e.g.</u>, <u>United States v. Thevis</u>, <u>supra</u>;

8

United States v. Quinn, 164 F.Supp. 432, 440 (N.D. Ga. 1973), aff'd on other grounds, 515 F.2d

1240 (5th Cir. 1975); United States v. Eley, 335 F.Supp. 353, 355-358 (N.D. Ga. 1972).

### A.    Witnesses' Criminal Records.

Defendant's request for information regarding prior arrests, convictions, juvenile

adjudications, etc. invokes a classic avenue of impeachment which is authorized by Rule 609 of

the Federal Rules of Evidence. The Conference Committee Report to that rule speaks in terms of

". . . the need for the trier of fact to have as much relevant evidence on the issue of credibility as

possible." H.R.Rep. 93-1597, 93rd Cong. 2d Sess. 9 (1974). Discovery should also extend to

production of any and all so-called "rap sheets" for the witnesses. See, United States v.

Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977).

### B.    Witnesses' Bad Acts.

The Federal Rules of Evidence empower the court with the discretion to permit a

defendant cross examination of a witness as to specific instances of misconduct, so-called bad

acts, even though such behavior does not amount to a felony conviction, if the evidence

impeaches the witnesses' truthfulness. Federal Rules of Evidence, Rule 608(b). Since this is a

permissible area of inquiry, the prosecution should be compelled to disclose to the defense any

behavior known to it by its witnesses which arguably constitutes such bad acts.

### C.    Consideration and Promises to Witnesses.

The Government has an institutional obligation to disclose any and all

consideration which is held out to a witness, or which the witness subjectively hopes for or

anticipates since such consideration directly gives rise to the inference of bias or interest. United

States v. Mayer, 556 F.2d 245, 248 (5th Cir. 1977). A common example of such a matter which

must be disclosed to the defense is the making of promises or the holding out of other inducements for a witness to cooperate and testify against a defendant. Annunziato v. Manson, 566 F.2d 410 (2d Cir. 1977); United States v. Sanfilippo, 564 F.2d 176 (5th Cir. 1977); Boone v. Paderick, 541 F.2d 447 (4th Cir. 1976); United States v. Tashman, 478 F.2d 129 (5th Cir. 1973).

In Giglio v. United States, supra, the Supreme Court established that this duty is an affirmative one which the Government must discharge responsibly, and that the ignorance of one prosecutor as to promises made to a Government witness by another prosecutor does not excuse the failure to disclose. In the instant case, the Government is obliged to exercise due diligence to determine what consideration, broadly defined, it has offered each informer and to each of its other anticipated witnesses, or bestowed upon them or which they hope or expect to bestow. Furthermore, the Government must disclose this impeaching information to the defense. These obligations include the total compensation or benefits paid to or expected by each witness. United States v. Leja, 568 F.2d 493 (6th Cir. 1977); United States v. Partin, 493 F.2d 750, 757-60 (5th Cir. 1974); United States v. Antone, 603 F.2d 566, 569-70 (5th Cir. 1979). Relatedly, the fact that a witness has previously testified for the Government, assisted in other investigations, or has a plea agreement, and the corresponding dates, or has obtained benefits in other matters is highly illustrative of a witness' relationship with the Government and potential bias against a defendant occupying an adversarial position vis-a-vis the prosecution.

**D.      Threats and Coercion of Witnesses.**

In addition to promises of consideration which may promote a witness' cooperation with the Government, the accused is entitled to be advised of any matter which might cause a witness to color his/her testimony in favor of the Government out of fear or interest in

10

self-preservation. This request includes a description of all ongoing investigations relating to any Government witness and of all charges which are anticipated to be brought or could reasonably be brought against any such witness. The Government must disclose both the stick and carrot. United States v. Sutton, 542 F.2d 1239 (4th Cir. 1976).

With regard to the stick, it is often overlooked that evidence of a witness' wrongdoing, even though not amounting to a felony conviction or comparable evidence of moral turpitude or bad character, may nonetheless be adduced when relevant to show the bias or self-interest of the witness. United States v. Alvarez-Lopez, supra. Typical in this category is information concerning the witness' possible vulnerability to prosecution, parole or probation revocation or other sanction by the Government.

In United States v. Bonanno, 430 F.2d 1060 (2d Cir. 1970), cert. denied, 400 U.S. 964 (1971), the court condemned the Government's failure to disclose an outstanding indictment against its witness since the pendency of the charge would have shown "possible motivation of the witness to testify favorably for the Government." Id. Similarly, in United States v. Padgent, 432 F.2d 701 (2d Cir. 1970), the defendant's conviction was reversed because his counsel had not been permitted to question a Government witness on cross examination with regard to the witness' vulnerability to future indictment for bail jumping.

Other motivations, of course, besides fear of criminal sanctions are also material. Thus, the Government must disclose all threats and coercions utilized to secure the testimony of its witnesses.

E.    **Information Relating to Government Employees.**

If a Government employee serves as a prosecution witness, the defendant is entitled to have access to his or her government personnel file in order to ascertain whether there is information within it which could be of an impeaching nature. United States v. Deutsch, 475 F.2d 55, 57-58 (5th Cir. 1973). Similarly, in United States v. Morell, 524 F.2d 550, 552-555 (2d Cir. 1975), it was held that defense counsel were entitled to impeaching information and the confidential file of an informant witness.

Law enforcement witnesses are, of course, not immune from this principle. In United States v. Garrett, 542 F.2d 23 (6th Cir. 1976), a drug distribution conviction was reversed because the defendant had been denied both access to disciplinary records of the chief witness, a police officer who had been suspended from duty for refusal to take a urine test to determine whether he had used narcotics, and also had been restricted in cross examining the officer as to why he had been suspended. See also, United States v. Hitchmort, 609 F.2d 1098 (5th Cir. 1979) (where the trial court prohibited cross examination of Government witnesses concerning an internal DEA investigation into the possibility that two of its agents had given perjured testimony in an effort to obtain a conviction. The court reversed the defendant's conviction).

For purposes of the present motion, defendant's request is aimed at files to which the Government has access. As to personnel files, all should be disclosed on the authority of the cases cited above. As to Government files generally, all should at least be identified so that specific and appropriate motions or process can then be addressed to them.

12

**F.     Disclosure of Pre-Sentence Reports.**

The request for disclosure of pre-sentencing reports prepared for prospective Government witnesses in recent criminal actions before this court is necessary and justified. It is anticipated that the terms of any negotiated plea expressly would call for such witnesses' testimony against defendants in this case. Moreover, it is readily apparent that any materials contained in the report concerning the witnesses' statements, financial status, details of the offense, personal history and other matters are material to the defense preparation and investigation.

As for the technical requirements of discoverability, the attorney for the Government has had an opportunity to review the pre-sentence reports. In addition, the pre-sentence reports are prepared by members of the United States Probation Office. Thus, the pre-sentence reports are both actually and constructively in the Government's possession.

Finally, defendant contends that any privilege which normally might attach to pre-sentence reports must give way on the facts of this case. It is well established that a witness' statutory and constitutional privileges must not be permitted to defeat an accused's right of confrontation. Davis v. Alaska, 415 U.S. 308, 320 (1974). Given the substantial material normally contained in pre-sentence reports concerning the possible bias and interest in the subject, we submit that disclosure of the pre-sentence reports for prospective Government witnesses must be made.

**G.     Impeaching Material.**

This request embraces information which impeaches the witness' competency and his/her capacity and opportunity to observe, remember, recall and narrate as well as his/her character for veracity and partiality. Thus, for example, the Government must disclose evidence

of basic mental trouble suffered by a witness. <u>Wiman v. Powell</u>, 293 F.2d 605, 606 (5th Cir.

1961); <u>Powell v. Wiman</u>, 287 F.2d 275, 278-279 (5th Cir. 1961); <u>United States v. Partin</u>, 493

F.2d 750 (5th Cir. 1974). Similarly, the Government must disclose knowledge that a witness has

used narcotic drugs at the time of the relevant events or during trial; the witness' dislike of the

defendant; etc. Impeachment comes in many forms and to the extent that the Government

recognizes it, either by virtue of the specific requests in this motion or otherwise, it must be

disclosed.

## VIII.  PRIOR SIMILAR ACT EVIDENCE.

A defendant's motion requires the Government to provide notice of its intention to use

evidence of other crimes, wrongs or acts pursuant to Rule 404(b) of the Federal Rules of

Evidence. Advance notice of the Government's intention to use Rule 404(b) evidence is

necessary to allow a fair opportunity to consider in advance of trial the admissibility of such

potentially inflammatory evidence.

Pre-trial disclosure of Rule 404(b) evidence has long been endorsed by the courts.

Pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, defendants have the right to

request notice of the Government's intention to offer specified evidence at trial. The underlying

purpose of this rule is to allow defendants a fair opportunity to obtain pre-trial rulings concerning

the admissibility of such evidence. <u>United States v. Valencia</u>, 656 F.2d 412, 415 (9th Cir. 1981),

<u>cert. denied</u>, 454 U.S. 877 (1981).

Evidence of other crimes of misconduct is admissible only in certain narrowly defined

circumstances. The danger of unfair prejudice from Rule 404(b) evidence is both real and

substantial. <u>United States v. Hodges</u>, 770 F.2d 1475, 1479-80 (9th Cir. 1985) (conspiracy

conviction reversed where trial court abused discretion by admitting evidence concerning

subsequent wrongdoing); United States v. Aims Back, 588 F.2d 1283, 1287 (9th Cir. 1979) (rape

conviction reversed because evidence concerning other rape was unduly prejudicial). In deciding

whether to allow the Government to procure and use such evidence, the court is required to

engage in the difficult and arduous task of deciding whether the probative value of such evidence

is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

Such issues are most efficiently disposed of pretrial following adequate briefing and argument.

     Without the discovery requested herein, defendant has no way of knowing what other

evidence, if any, the Government intends to produce. Since the principal purpose of discovery is

to advise defense counsel what the defendant faces in standing trial, United States v. Lewis, 511

F.2d 798, 802 (D.C. Cir. 1975), the Government should give notice of any such evidence

promptly so that the parties and the court can consider fully its admissibility.

## IX    SCIENTIFIC TESTS; DEFENDANT'S RECORD; AND PHYSICAL AND DOCUMENTARY EVIDENCE.

     Federal Rule of Criminal Procedure 16 expressly provides that the Government shall

furnish the defendant with the above-requested discovery.

## X.    CONCLUSION.

     For the reasons articulated herein, the Defendant John Gallo respectfully requests that his

Motion for Discovery be granted and that Brady, Giglio and Jencks Act material be made

available as soon as possible. Finally, it is noted that in United States v. Jensen, 608 F.2d 1349,

1357 (9th Cir. 1969), the court specifically imposed an obligation on the Government to conduct

15

inter-agency searches to produce all documents and information potentially material to the preparation of a defendant's defense.

Dated:  February 10, 2001

Respectfully Submitted,

LAW OFFICES OF JAMES D. HENDERSON
Attorneys for Defendant John Gallo 12121
Wilshire Boulevard, Suite 1120
Los Angeles, California 90025-1123
(310) 478-3131 (phone)
(310) 312-0078 (fax)

By: _____
     James D. Henderson

Respectfully Submitted,

RASKIN & RASKIN, P.A.
Attorneys for Defendant John Gallo
2937 Southwest 27th Avenue
Miami, Florida 33133
(305) 444-3400 (phone)
(305) 443-0266 (fax)

By: _____
     Martin R. Raskin
     Florida Bar Number 0315206

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was mailed to the individuals listed on the following Service List on this 10th day of February, 2001.

_____
JAMES D. HENDERSON

16

## SERVICE LIST

<u>United States v. John Gallo, et al.</u>
<u>Case No. 00-6311-CR-HUCK</u>

Michael J. Dittoe, Esq.
Assistant U.S. Attorney
7th Floor
500 East Broward Boulevard
Fort Lauderdale, FL 33394

Paul D. Lazarus, Esq.
Paul D. Lazarus, P.A.
800 Brickell Avenue, Penthouse Two
Miami, FL 33131
*[Attorney for Crenshaw]*

Guy Spiegelman, Esq.
28 East Flagler Street, Suite 400
Miami, FL 33131
*[Attorney for McHorne]*

Reemberto Diaz, Esq.
1435 South Miami Avenue
Miami, FL 33130
*[Attorney for Hall]*

William J. Cone, Jr., Esq.
514 S.E. 7th Street
Fort Lauderdale, FL 33301
*[Attorney for Newton]*

Donald I. Bierman, Esq.
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131
*[Attorney for Lark]*

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Suite 303
Coral Gables, FL 33134
*[Attorney for Lampkin]*

Bruce H. Lehr, Esq.
1401 Brickell Avenue, Suite 810
Miami, FL 33131
*[Attorney for Seymour]*

Larry Hanfield, Esq.
4770 Biscayne Boulevard
Suite 1200
Miami, FL 33137
*[Attorney for Hall]*

17