ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311 CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN GALLO, et al.

    Defendants.

NIGHT BOX FILED
FEB 09 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION FOR BILL OF PARTICULARS

NOW COMES the Defendant JOHN GALLO, by and through his counsel-of-record, James D. Henderson and Martin R. Raskin, and moves the court for an order requiring the Government to provide this defendant, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, with a bill of particulars setting forth the information requested below.

This motion is based on the grounds that counts two and three of the indictment charge that from in or about 1988, until the present, both in and outside the Southern District of Florida, the Defendant John Gallo conspired and participated in conspiracies to import cocaine and marijuana (count 2) and to possess cocaine and marijuana with intent to distribute it (count 3). Neither of these counts sets forth specific overt acts in which the Government believed the Defendant Gallo may have participated. Separate counts, that is numbers 5 and 17-34, solely charge this defendant with conspiracy and substantive counts relating to the laundering of

1

narcotics generating funds. These latter counts, on their face, are easily understandable. Counts two and three, however, are far from clear. A reading of these questioned counts, in fact, reveals no real particulars about their alleged violation by this defendant whatsoever and are essentially worded in the broad language of their underlying statutes. From a review of counts 2 and 3 it is impossible to tell whether Defendant Gallo is charged as a principal or as an aider and abetter, or who all participated in the alleged violations as the counts indicate individuals involved included "others known and unknown to the grand jury." Correspondingly, these counts do not make clear whether this defendant is alleged to have physically assisted in narcotics importation or possession with intent to distribute or whether the allegations set forth in these counts are based merely on his alleged money laundering activities as set out in counts 5 and 17-34. While counsel believes the latter to be the case, counts 2 and 3 provide no enlightenment. If this defendant is alleged to have participated in more than money laundering activities, the counts do not even set out in what jurisdiction his activities are alleged to have taken place.[1] The lack of enumerated overt acts in these counts, of course, also hampers the defendant's ability to decipher with particularity the totality of what the Government is alleging he has done.

In short, counts 2 and 3, as worded merely in the skeletal terms of the statute, and utilizing general allegations such as that the defendant agreed to launder funds and he thereafter profited, do not provide the Defendant Gallo with requisite details covering a myriad of possible activities, locations, and co-venturers over an almost 13-year period in at least two states. As a result, the charges insufficiently permit him to properly prepare to meet the allegations against him or protect

---

[1] The Defendant Gallo, it is noted, resides in California and is the only defendant who is not from the Southern District of Florida.

him from prejudicial surprise at the time of trial. Accordingly, disclosure of the information requested herein is required in order to provide John Gallo with a fair opportunity to prepare and present his defense. This problem, it is noted, is exacerbated by the position of the prosecution to not make Jencks Act materials available prior to the deadline for the filing of pretrial motions. Accordingly, the Defendant John Gallo respectfully requests that he be provided with particulars setting out:

(1)    In what specific location or locations the activity with which he is charged in counts 2 and 3 is alleged to have taken place.

(2)    The identity of the others, who are unnamed but known to the grand jury or to the prosecution, who it is alleged participated with the Defendant Gallo in the alleged violations set forth in counts 2 and 3.

(3)    Whether the defendant's involvement in the activities underlying counts 2 and 3 is alleged to relate to more than an agreement to participate in, or actual participation in, money laundering activities.

(4)    If the Defendant Gallo is alleged to have participated in more than money laundering aspects of the charged narcotics importation and/or possession with intent to distribute schemes, precisely what is the nature of that activity.

## MEMORANDUM OF POINTS AND AUTHORITIES

While the determination of the propriety of a motion for a bill of particulars is within the sound discretion of the court, existing case law makes clear that such motions should be liberally

3

granted and doubts should be resolved in favor of moving defendants.[2] In a detailed discussion of particulars issues, United States v. Rogers, 617 F.Supp. 1024, 1027-28 (D. Colo. 1985), for example, reasons:

> If the competing interests of the defense and the government are closely balanced, the interests of the defendant in disclosure must prevail:
>
> > 'In 1966, Rule 7(f) was amended to strike the requirement of showing of cause prior to the granting of a Motion for Bill of Particulars, and the Advisory Notes to the amendment reflect that change was "designed to encourage a more liberal attitude towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." This amendment requires that the defendant be given the benefit of the doubt in gray areas. United States v. Manetti, [323 F.Supp. 683], 697 [(D. Del. 1971)]. Thevis, 474 F.Supp. 117, 124.'

Relatedly, the courts have uniformly held that defendants are often entitled to receive sufficient information from the Government to enable them to discover the facts as the prosecution intends to present them at trial. United States v. Smith, F.R.D. 372, 374 (W.D. MO. 1954), discussed the necessity as follows:

> Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Its proper office 'is to furnish to the defendant <u>further information respecting the charge stated in the indictment when necessary to the preparation of his defense</u>, and to avoid prejudicial surprise at the trial,' and when necessary for those purposes, is to be granted even though it requires 'the furnishing of information which in other circumstances would not be required because it is evidentiary in nature,' and an

---

[2] In United States v. Burt, 765 F.2d 1364, 1369 (9th Cir. 1985), it was explained that a bill of particulars has three purposes: to apprise the defendant of the specific charges so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy. In United States v. DiCesare, 765 F.2d 890, 899 (9th Cir. 1985), it was held that the issue is whether the indictment is insufficient to permit the preparation of an adequate defense.

>        accused is entitled to this 'as a right'. . . . It seems clear that
> 'where charges of an indictment are so general that they do not
> sufficiently advise defendant of the specific acts with which he is
> charged, a bill of particulars should be ordered. . . .'

Bills of particulars have been required in order to clarify such phrases as "other things of value," "covertly," "various illegal and unlawful means," and "in conjunction with,"[3] all of which are either equally or even less ambiguous or encompassing than the terminology needing specificity here where alleged conspirational activities took place in a time period covering more than a decade in multiple jurisdictions and illegal money laundering activities involving this defendant are specifically set out in other indictment counts. There are simply too many possibilities and the defendant should not have to guess.[4] Without more, the Defendant Gallo is unable to fully understand the precise nature of the charges against him. Because of this, he is

---

[3]See United States v. Osticco, 563 F.Supp. 727 (M.D. Pa. 1983), and United States v. Hubbard, 474 F.Supp. 64 (D.D.C. 1979). Also, the identity of unindicted co-conspirators as well as unspecified overt acts, their dates, places, and manner and means have been ordered disclosed. United States v. Thevis, 474 F.Supp. 117, 125 (N.D. Ga. 1979); United States v. Hubbard, 474 F.Supp. 64 (D.D.C. 1979); United States v. Tanner, 279 F.Supp. 457, 476 (N.D. Ill. 1967). The defendant's application here does not even approach such a request and can be complied without disclosure of virtually any of the government's contemplated trial evidence.

[4]In United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988), it was held that prosecutions under the sweeping charges of broad criminal statutes carry with them an "obligation" to particularize such charges to a greater degree than in cases involving less complex crimes. Relatedly, see United States v. Cole, 317 F.Supp. 309, 316 (E.D. Pa. 1989), where in a money laundering prosecution the court ordered particulars because the indictment did not sufficiently inform the defendant of the charges "so that he will not be misled while preparing his defense," and it could not be determined from the indictment with accuracy the extent to which he could plead a former acquittal or conviction. In United States v. Politi, 334 F.Supp. 1318, 1321 (S.D.N.Y. 1971), the court ordered, in a gambling prosecution pursuant to 18 U.S.C. § 1955, particulars as to the geographical extent of the conspiracy in order to determine possible future double jeopardy.

presently unable to adequately prepare for trial or to present an adequate defense to conduct which has not been sufficiently described in the indictment, especially counts 2 and 3.

The extremely limited particulars sought herein are substantially similar to those which the Government has routinely been required to provide by the federal courts. United States v. Dennis, 384 U.S. 855 (1966), notes that, "it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts. Exceptions as to this are justifiable only by the clearest and most compelling considerations." No such compelling considerations exist in the present case for denying to the Defendant Gallo the basic information necessary for a fair preparation and presentation of his defense and to protect him against double jeopardy. To the contrary, the particulars sought herein do not ask for evidence, seek only for identification of the conduct allegedly engaged in by the Defendant Gallo which the prosecution believes to have been illegal, and are essential in order to avoid unjustly prejudicing the defendant's rights to an aggressive, realistic, and viable defense.

## CONCLUSION

For all of the above reasons, it is respectfully requested that the Government provide Defendant John Gallo, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, with a bill of particulars setting forth the information requested above.

Dated: February 10, 2001

Respectfully Submitted,

LAW OFFICES OF JAMES D. HENDERSON
Attorneys for Defendant John Gallo 12121
Wilshire Boulevard, Suite 1120
Los Angeles, California 90025-1123
(310) 478-3131 (phone)
(310) 312-0078 (fax)

By: *James D. Henderson*
James D. Henderson

Respectfully Submitted,

RASKIN & RASKIN, P.A.
Attorneys for Defendant John Gallo
2937 Southwest 27th Avenue
Miami, Florida 33133
(305) 444-3400 (phone)
(305) 443-0266 (fax)

By: *Martin Raskin*
Martin R. Raskin
Florida Bar Number 0315206

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was mailed to the individuals listed on the attached Service List on this 10th day of February, 2001.

*James D. Henderson*
JAMES D. HENDERSON

## SERVICE LIST

<u>United States v. John Gallo, et al.</u>
<u>Case No. 00-6311-CR-HUCK</u>

Michael J. Dittoe, Esq.
Assistant U.S. Attorney
7th Floor
500 East Broward Boulevard
Fort Lauderdale, FL 33394

Paul D. Lazarus, Esq.
Paul D. Lazarus, P.A.
800 Brickell Avenue, Penthouse Two
Miami, FL 33131
*[Attorney for Crenshaw]*

Guy Spiegelman, Esq.
28 East Flagler Street, Suite 400
Miami, FL 33131
*[Attorney for McHorne]*

Reemberto Diaz, Esq.
1435 South Miami Avenue
Miami, FL 33130
*[Attorney for Hall]*

William J. Cone, Jr., Esq.
514 S.E. 7th Street
Fort Lauderdale, FL 33301
*[Attorney for Newton]*

Donald I. Bierman, Esq.
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131
*[Attorney for Lark]*

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Suite 303
Coral Gables, FL 33134
*[Attorney for Lampkin]*

Bruce H. Lehr, Esq.
1401 Brickell Avenue, Suite 810
Miami, FL 33131
*[Attorney for Seymour]*

Larry Hanfield, Esq.
4770 Biscayne Boulevard
Suite 1200
Miami, FL 33137
*[Attorney for Hall]*