ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311 CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN GALLO, et al.

    Defendants.

NIGHT BOX FILED

FEB 0 9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION FOR SEVERANCE AND MEMORANDUM OF POINTS AND AUTHORITIES

NOW COMES the Defendant JOHN GALLO, by and through his counsel-of-record, James D. Henderson and Martin R. Raskin, and moves the court to grant him a severance and separate trial from his co-defendants in the instant action. This motion to sever is based on the following:

The Defendant John Gallo, who is a resident of Los Angeles and the only non-Miami based defendant, is charged in a 43 count, 9 defendant indictment which alleges criminal narcotics activity in huge amounts (3,500 kilos of cocaine and 39,000 kilos of marijuana) and extortion activity on the Miami docks over an almost 13 year period on 2 continents. From the inception, therefore, this defendant is portrayed by the indictment as a keeper of bad company and a thug, whether or not he has committed any of the crimes relating to money laundering with which he

1

FEB 1 4 2001

Rec'd in MIA Dkt _____

has been charged. Even the most well-intentioned jury will have difficulty in not allowing such a structured indictment to at least subconsciously influence careful thinking. Against this background, the Defendant John Gallo is accused in indictment counts 2, 3, 5, and 17-34 with what appears to be conduct in California relating only to the laundering of a small portion of the funds from a massive drug operation which conducted its activities almost exclusively in Florida. The Defendant Gallo, in fact, is the sole defendant named in money laundering related counts 5 and 17-34. The violations set forth in these counts are then, apparently, simply incorporated into counts 2 and 3, alleging an assisting of the drug operation by the laundering of a portion of its proceeds. Those more than 20 counts in which the Defendant Gallo is not named set forth specific instances of narcotics trafficking and the commission of extortion. In conversations with the Government prosecutor in this action, undersigned counsel have been informed that he believes that the Defendant Gallo was not directly involved in narcotics trafficking or extortion and that Defendant Gallo has been included in counts 2 and 3 as a result of his money laundering activities with unindicted co-conspirator Willie Jackson. In fact, to the knowledge of undersigned counsel, there exists no evidence that the Defendant Gallo has ever met or spoken to even one of his named co-defendants.

    While it is true that Rule 8(b) allows the joint charging in an indictment of two or more defendants if they are alleged to have participated in the same acts or transactions or if the offenses are connected or constitute parts of a common scheme or plan, such is but the initial prong of the evaluation of whether a Rule 14 severance of counts or individuals may be appropriate.

Because the counts in which the Defendant Gallo is solely named are apparently incorporated as portions of the activity charged in counts 2 and 3, the Government will, most probably, argue that a Rule 8(b) analysis allows the Defendant Gallo's joinder as charged because there is an overlap of proof between counts 2 and 3 and the counts solely naming the Defendant Gallo. Such an argument ignores, however, the plain impact of Rule 14, which allows the court, in its sound discretion, to sever counts and/or defendants when failure to do so would be unfairly prejudicial. In the instant case, analysis of the available discovery materials and dialogue with the Government prosecutor has revealed that trial based on the presently constituted indictment will take up to 14 weeks and possibly more. In contrast, the evidence against the Defendant Gallo should take no more than three to five days and would not pose a significant burden on judicial economy. The monetary transactions underlying counts 5 and 17-34 will be essentially established by business records which will be the subject of foundational stipulations. Further, the prosecution has informed undersigned counsel that the Government will utilize but two or three witnesses who will testify that Defendant John Gallo was introduced to an individual named Willie Jackson in order to launder funds to be provided by this individual. Mr. Jackson, it has been represented, will then testify that he provided Defendant Gallo with some $1.5 million in funds derived from narcotics sales in order that it could be laundered. $1.5 million, of course, is but a minuscule portion of the funds generated by huge importation of drugs alleged in the present indictment. Such a presentation of evidence against Mr. Gallo will simply not be extensive. Because this defendant is unfamiliar with any of his co-defendants and has never spoken to any of them, there will be no evidence directly tying John Gallo to even one of his co-defendants. In contrast to the stipulated Gallo related business records, dozens of other exhibits will be

introduced relating to actions of his eight co-defendants. The discovery, in this regard, fills some 13 banker's boxes and constitutes tens of thousands of documents. Further, there will be substantial testimony concerning the charges relating only to defendants other than John Gallo; including significant evidence relating to the distribution of drugs by those who allegedly were the cause of the importation of more than 42,000 kilos of illicit narcotics into the United States. There will also, of course, be evidence presented as to the charged extortions in which it is not alleged that John Gallo participated, or had knowledge of, in any manner. As a result, the Defendant Gallo, if he is not severed, will be forced to sit through weeks upon weeks of an evidentiary presentation which does not implicate him yet continually tars him by a forced courtroom association with those directly involved in massive criminal activity far exceeding that which the Government contends he actually participated. Such makes an untainted and proper compartmentalization of the proofs far more than exceedingly difficult.

In the past, a number of circuits have specifically held that the difference in the quantum of evidence against defendants and the divergence in the number of counts against them may itself constitute sufficient grounds for a severance.[1] The factual setting here involving, in some circumstances, divergent activities of different defendants at different times while, in other circumstances, involving the far more serious involvement in narcotics importation and distribution than could realistically be equated to the Defendant Gallo's alleged laundering of an extremely small portion of the proceeds, makes the present situation a compelling one for this

---

[1] See, e.g., United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997); United States v. Saget, 991 F.2d 702, 707 (11th Cir. 1993); United States v. Gaines, 563 F.2d 1352, 1355 (9th Cir. 1977) (Disparity in proofs may be sufficient to allow a severance in certain cases in view of the jury's need to compartmentalize the evidence against the various defendants).

defendant's severance in order to insure his right, under Rule 14, to a prejudice-free trial. This is especially true where, like here, but for the presence of the 2 conspiracy counts (Nos. 2 and 3) which apparently simply incorporate the same conduct alleged in other counts, joinder would arguably be legally improper even under Rule 8.

That Rule 14 considerations are relevant, even in cases where traditional Rule 8 problems are solved by indictments which include, like here, counts which both separately charge activity and that re-allege it in other counts, is illustrated in United States v. Gallo, 668 F.Supp. 736, 749-54 (E.D. N.Y. 1987).[2] In Gallo, among other factors, the court, while noting that there are no precise tests applicable to one or a combination of the following factors which could provide a foolproof resolution under Rule 14, reasoned that, because of the RICO charges, because the trial would be long allowing jurors' memories to dim on many points, because the charges were complex, because some of the evidence would be admissible against only particular defendants, because some antagonism in the various defendants' defenses would be inevitable, and because not all defendants were alleged to have equal culpability, various severances were appropriate. According to the court; "[i]n the case at bar, numerous factors suggest that . . . compartmentalization by the jury might prove to be very difficult or unlikely as to several of the defendants." In the instant case, each of these factors is clearly exacerbated with regard to the one defendant named in the indictment, Defendant Gallo, who is not alleged to have been directly involved in either narcotics importation or distribution, and whose alleged actions constituted involvement in but a small fraction of the countless millions of dollars of monetary transactions

---

[2] The defendant Gallo in this case is unrelated to the present defendant and the similarity of names is merely coincidental.

which logically took place as a result of the importation of 42,000 kilograms of illicit narcotics over a 12-year period. In view of all the above, for the Defendant John Gallo to be tried in the present indictment would be highly prejudicial and should not be allowed.

## CONCLUSION

For all of the above reasons, it is respectfully requested that the Defendant John Gallo be granted a severance from those other defendants with whom, and counts with which, he cannot be fairly or appropriately tried in a prejudice-free fashion.

Dated: February 10, 2001

Respectfully Submitted,

LAW OFFICES OF JAMES D. HENDERSON
Attorneys for Defendant John Gallo 12121
Wilshire Boulevard, Suite 1120
Los Angeles, California 90025-1123
(310) 478-3131 (phone)
(310) 312-0078 (fax)

By: _____
James D. Henderson

Respectfully Submitted,

RASKIN & RASKIN, P.A.
Attorneys for Defendant John Gallo
2937 Southwest 27th Avenue
Miami, Florida 33133
(305) 444-3400 (phone)
(305) 443-0266 (fax)

By: _____
Martin R. Raskin
Florida Bar Number 0315206

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was mailed to the individuals listed on the following Service List on this 10th day of February, 2001.

_____
JAMES D. HENDERSON

## SERVICE LIST

<u>United States v. John Gallo, et al.</u>
<u>Case No. 00-6311-CR-HUCK</u>

Michael J. Dittoe, Esq.
Assistant U.S. Attorney
7th Floor
500 East Broward Boulevard
Fort Lauderdale, FL 33394

Paul D. Lazarus, Esq.
Paul D. Lazarus, P.A.
800 Brickell Avenue, Penthouse Two
Miami, FL 33131
*[Attorney for Crenshaw]*

Guy Spiegelman, Esq.
28 East Flagler Street, Suite 400
Miami, FL 33131
*[Attorney for McHorne]*

Reemberto Diaz, Esq.
1435 South Miami Avenue
Miami, FL 33130
*[Attorney for Hall]*

William J. Cone, Jr., Esq.
514 S.E. 7th Street
Fort Lauderdale, FL 33301
*[Attorney for Newton]*

Donald I. Bierman, Esq.
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131
*[Attorney for Lark]*

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Suite 303
Coral Gables, FL 33134
*[Attorney for Lampkin]*

Bruce H. Lehr, Esq.
1401 Brickell Avenue, Suite 810
Miami, FL 33131
*[Attorney for Seymour]*

Larry Hanfield, Esq.
4770 Biscayne Boulevard
Suite 1200
Miami, FL 33137
*[Attorney for Hall]*