UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

   Plaintiff,

VS.

CLARENCE LARK, Et Al.

   Defendants
_____/

GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS

   Comes now the United States and hereby files its response to Defendant Gallo's motion for a Bill of Particulars.

I Introduction

   The defendant has moved for a Bill of Particulars seeking disclosure of the following particulars concerning the charges against the defendant: 1) The specific locations where the criminal activity occurred; 2) The identity of co-conspirators; 3) The government's theory concerning Gallo's participation in the drug trafficking conspiracy and 4) How Gallo participated in the drug trafficking conspiracy. Defendant Gallo's Motion at P. 3

   For the reasons stated below, the United States opposes the Bill of Particulars with respect to the first two requests. Concerning the third and fourth request, the United States replies that its theory concerning Gallo's involvement in the



narcotics conspiracies is that he participated in the narcotics conspiracy by laundering funds derived from the sale of narcotics and in so doing both furthered the narcotics conspiracy and profited therefrom by the fee he charged for his money laundering services.

  II  The Motion for a Bill of Particulars Should Be Denied

The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable to enable adequate defense preparation and to minimize surprise at trial and to enable the defendant to plead double jeopardy in a subsequent prosecution. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)("Generalized discovery...is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill."); United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)).

Defendant Gallo is seeking the disclosure of the specific locations where the criminal activity occurred and the identity of all co-conspirators.  In a massive conspiracy case such as this, the disclosure of this type of evidentiary detail would create a de facto rule mandating open file discovery.  This is neither the function nor the purpose of a Bill of Particulars. In United States v. Colson, the Eleventh Circuit affirmed a district court's denial for a Bill of Particulars that requested the identical information now sought by Defendant Gallo.  662

F.2d at 1391. The information requested by the defendant is the type of evidentiary detail that is not the proper subject of a motion for a bill of particulars.

III <u>Conclusion</u>

The Motion by Defendant Gallo for a Bill of Particulars should be denied, except to the extent set forth above.

                                  Respectfully submitted,
                                  GUY A. LEWIS
                                  UNITED STATES ATTORNEY

                              BY: _____
                              MICHAEL J. DITTOE
                              Assistant United States Attorney
                              Court ID #A5500209
                              500 E. Broward Blvd., Ste. 700
                              Ft. Lauderdale, FL 33394-3002
                              Tel: (954) 356-7392
                              Fax: (954) 356-7230

                              BY: _____
                              TERRENCE THOMPSON
                              Assistant United States Attorney
                              Court ID #A5500063
                              500 E. Broward Blvd., Ste. 700
                              Ft. Lauderdale, FL 33394-3002
                              Tel: (954) 356-7392
                              Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this  day of March, 2001 to:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Ste. 303
Coral Gables, FL 33134

(305) 461-2744
Attorney for Lampkin

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymour

Larry Hanfield, Esq.
4770 Biscayne Blvd., Ste. 1200
Miami, FL 33137

(305) 576-1011
Attorney for Hall

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHome

Reemberto Diaz, Esq.
1435 S. Miami Ave.
Miami, FL 33130

(305) 446-0001
Attorney for Hall

James D. Henderson, Esq.
12121 Wilshire Blvd., Ste. 1130
Los Angeles, CA 90025

(310) 478-3131
Attorney for Gallo

Martin R. Raskin, Esq.  
Grove Forest Plaza, Ste. 206  
2937 S.W. 27 Ave.  
Miami, FL 33133  

(305) 444-3400  
Attorney for Gallo  

William J. Cone, Jr., Esq.  
514 S.E. Seventh St.  
Ft. Lauderdale, FL 33301  

(954) 764-0570  
Attorney for Newton  

_____  
MICHAEL J. DITTOE  
ASSISTANT UNITED STATES ATTORNEY