NIGHT BOX FILED
MAR 0 5 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6311-CR-HUCK/BROWN

UNITED STATES OF AMERICA

   Plaintiff,

v.

JOHN GALLO, et al.

   Defendant.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT DEFENDANT GALLO'S MOTION FOR DISCOVERY

The United States of America, responds to defendant GALLO'S motion for discovery, as follows:

A. <u>STATEMENTS BY THE DEFENDANTS</u>

Defendant GALLO did not make any written or recorded statements. Further, defendant GALLO did not make any statements to law enforcement personnel, other than personal history information.

One of defendant GALLO's co-defendants, Lawrence Seymore did make a statement to law enforcement personnel which the United States may introduce at trial. That statement was previously disclosed to all defendants.



B.  STATEMENTS OF CO-CONSPIRATORS

Defendant GALLO requests the pretrial disclosure of the statements of co-conspirators made during the course of, and in furtherance of the conspiracy. Defendants are not entitled to such disclosure.

The Federal Rules of Criminal Procedure provide defendants a right to discovery of statements. However, that right is limited to disclosure of relevant written and recorded statements of the individual defendant. FED. R. CRIM. P. 16(a)(1)(A). The defendant is not even entitled to disclosure of his own unrecorded, oral statements, unless they were made to "a then known-to-be government agent (Standing Discovery Order ¶A2). Further, statements of government witnesses or prospective government witnesses are specifically not subject to discovery, "except as provided in 18 U.S.C. § 3500." FED. R. CRIM. P. 16(a)(2). The Eleventh Circuit Court of Appeals has joined other courts finding that Rule 16(a)(1)(A) does not apply to conspirators' statements. U.S. v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987).

C.  PROSPECTIVE GOVERNMENT WITNESSES

Defendant Gallo seeks pretrial disclosure of the identity and the address of each prospective Government witness. A defendant has no right to such a witness list. United States v. Colson, 662 F.2d 1389, 1391 (1981). Requiring production of such a list of government witnesses is matter of judicial discretion. Id.

The defendant seeks early disclosure of prior statements of government witnesses. The defendant is entitled to such statements at the conclusion of a witness' testimony. As the defendant noted, the United States cannot be compelled to produce Jencks Act materials until the witness has testified. 18 U.S.C. 3500. However, in an effort to ensure that the trial proceeds in an expeditious and orderly manner, the United States intends to turn over the Jencks materials relating to each witness on the day before the witness is scheduled to testify.

D. <u>DISCOVERY RELATING TO ELECTRONIC SURVEILLANCE</u>

The investigation of defendant Gallo was historical in nature. There was no electronic surveillance involved in the investigation of the defendant. As noted in the Government's Response to the Standing Discovery Order, the defendant is not an aggrieved party within the meaning of Title 18, United States Code, Section 2510(11), that is, he was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

E. <u>IDENTITY OF CONFIDENTIAL INFORMANT</u>

There were no confidential informants utilized in the investigation of defendant GALLO. An individual who, at the time, was a confidential informant made one consensual recording of a conversation with one of defendant GALLO's co-defendants, Ricardo McHorne. The informant's identity was previously disclosed.

F.  BRADY MATERIAL

1. **Introduction**

The defendant has filed a motion seeking to compel the United States to produce a multitude of information. The defendan's motion, however, does not outline the information that the United States has already supplied pursuant to its constitutional obligations. Consequently, the defendant has not articulated why the information given by the government fails to satisfy the due process clause of the constitution.

Defendant's request is not factually specific to this case, but rather looks "more like a set of written interrogatories in a civil case than a motion for specific Brady information...." United States v. Molinaro, 683 F. Supp. 205, 210 (E.D. Wis. 1988), aff'd., 877 F 2d. 1341 (7th Cir. 1989) (denying Brady motion without in camera review).

The United States will first briefly review the information it has supplied to the defendant pursuant to its constitutional obligations. Thereafter, the merits of the Defendant's Brady motion will be discussed in more detail. However, given the interrogatory like nature of the defendant's motion, the United States in this response will not address each and every document production request set forth in defendant's Brady motion.[1]

---

[1] Should the Court find additional briefing on any issue helpful, the United States will, of course, promptly respond.

## 2. Exculpatory and Impeachment Information Known to the United States

The United States informed the defense that it will be calling various cooperating witnesses. The criminal records, plea agreements and any immunity promises or other inducements provided to those witnesses were previously disclosed. The United States is aware of no other promises, rewards or representations made to the witnesses. Additionally, there were no threats to Government witnesses or coercion of such witnesses related to their prospective testimony.

One prospective Government witness, Lionel "Ron" Welch took illegal drugs during a portion of the time period covered by the conspiracy charged in the instant case. Welch also sought the assistance of a mental health professional and has been prescribed the drug prozac.

The United States has fully complied with its obligations both under the constitution and the standing discovery order. Consequently, the motion to compel exculpatory and impeachment information should be denied because it requests material falling outside the scope of Brady and its progeny.

## 3. Brady Does Not Require Open File Discovery

It is well established that defendants have no general constitutional right to discovery. Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987); Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The decisions in Brady and its progeny do not create a

right to discovery, but rather are based on the sound constitutional principle that the government should not be permitted to convict a person through the suppression of evidence, e.g., secret deals with witnesses or evidence indicating that another person might have committed the crime. United States v. Bagley 473 U.S. 667, 675 (1985); United States v. Agurs, 427 U.S. 97 (1976). See also United States v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978), cert denied, 440 U.S. 947 (1979)(Brady is "a rule of fairness and minimum prosecutorial obligations).

The Court has repeatedly emphasized that the Brady rule does not require the prosecution to deliver its entire file to the defense. Kyles v. Whitley, 115 S.Ct. 1555, 1567 (1995); Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987); United States v. Bagley, 473 U.S. 667, 675 (1985); United States v. Agurs, 427 U.S. 97, 109 (1976).

The defendant's Brady motion in this case is without merit because it is a de facto request for the government's entire file.

### 4. **Prior Bad Acts Of a Government Witness not resulting in a Conviction are Generally not Subject to Brady Disclosure**

The due process clause of the constitution requires the government to disclose only information that is material to guilt or to punishment. Evidence is considered material only if the failure to present such evidence at trial would substantially undermine confidence in the fairness of the trial. Kyles, 115 S.Ct. at 1556; Bagley 473 U.S. at 678. Moreover, the Court has

7

specifically ruled that "the mere possibility that an item of undisclosed evidence might have helped the defense...does not establish 'materiality' in the constitutional sense." United v. Agurs, 427 U.S. at 109-110.

The Court in Wood v. Bartholomew, ___U.S.___ 116 S.Ct. 7, 11 (1995), recently made this point abundantly clear. The Court held that the failure of the state of Washington to disclose to the defense that a government witness had failed a polygraph examination was not a Brady violation because the results of the polygraph examination were inadmissible in the state of Washington. The Court ruled that there was no Brady violation precisely because the complained of evidence was not admissible at the trial of the defendant and consequently not material evidence within the ambit of the Brady rule. Id.

Similarly, the Eleventh Circuit in Mills v. Singletary, 63 F.3d 999, 1015 (11th Cir. 1995), cert denied, 517 U.S. 214 (1996), held that the Brady rule was not violated when the government failed to disclose to the defense that a government witness had admitted that he had stolen a gun in the past with the intent to kill someone. The Court found that there was no Brady violation because this information was of dubious admissibility to impeach the government witness and was not directly exculpatory.

Consequently, prior bad acts of a witness that did not result in an arrest or conviction do not fall within the Brady rule--

unless, of course, they directly relate to truthfulness. General bad act evidence is inadmissible to impeach a witness. Consequently such evidence is not material within the meaning of Brady and its progeny. Delap v. Dugger, 890 F.2d 285, 299 (11th Cir. 1989), cert denied, 496 U.S. 929 (1990) (holding that undisclosed evidence is not material when its admissibility at trail is uncertain). See Fed. R. Evid. 608 (questions concerning specific evidence of misconduct may only be posed to a witness if probative of truthfulness).

The defendant's motion apparently calls upon the government to produce any and all bad act evidence concerning the government's witnesses. Such evidence is not material within the scope of Brady and consequently any such evidence need not be disclosed--unless it consists of a direct false statement. Indeed, even evidence of prior general drug usage need not be disclosed--unless it relates to drug usage at the time the witness was observing a particular act. See United States v. Valencia, 925 F.2d 506, 513 (1st Cir. 1990). Defendant's broadly cast Brady motion is without legal merit.

5. **Brady Applies Only to the Prosecutor and Investigative Agencies Over Whom the Prosecutor has Authority**

It is well settled that the Brady rule requires the prosecution to produce only that evidence which is in its constructive possession. United States v. Agurs, 427 U.S. at 110. The United States is not required to produce Brady material that is

9

possessed by an agency over which the prosecutor does not have authority, e.g., agencies not involved in the investigation. <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1178-79 (1st. Cir. 1993), <u>cert denied</u>, ___U.S.___. 114 S. Ct. 2714 (1994)(Brady does not apply to material in the possession of state law enforcement); <u>United States v. Veksler</u>, 62 F.3d 544, 550 (3d Cir. 1995), <u>cert denied</u>, ___U.S.___, 116 S.Ct. 789 (1996) (Brady did not apply to transcripts of state grand jury); <u>United States v. Capers</u>, 61 F.3d 1100, 1103-04 (4th Cir. 1995), <u>cert denied</u>, 517 U.S. 1211 (1996) (no duty to disclose diary kept by confidential informant); <u>United States v. Lochmondy</u>, 890 F.2d 817, 823-24 (6th Cir. 1989)(prosecution not obligated to disclose tax returns that are not in its possession); <u>United States v. Skorniak</u> 59 F.3d 750, 755-56 (8th Cir.) <u>cert denied</u>, ___U.S.___, 116 S. Ct. 487 (1995) (prosecution did not have obligation to subpoena psychiatric records).

6. **Disclosure of Pre-Sentence Reports**

The defendant seeks the disclosure of the Pre-sentence Investigation Reports of potential Government witnesses. Such reports do not constitute prior statements of the witness. Further, the reports contain personal information concerning the witness that is not subject to disclosure.

Pre-sentence reports are confidential documents prepared for the sentencing court, <u>United States v. Martinello</u>, 556 F.2d 125 (5th

Cir. 1977). Requiring disclosure of a PSI is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis. Id. Therefore, disclosure of a pre-sentence report to third parties should not be authorized in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice. United States v. Charmer Industries, Inc., 711 F.2d 1164, 1175 (2nd Cir. 19). In any event, a court order is required. Id. At 1176.

Where the defendant believes that a pre-sentence report of a government witness contains impeachment material, he should request that the trial court request an *in camera* inspection of the report. If the examination reveals any impeachment material, the judge should reveal to the defendant only those portions of the report which contain impeaching information. United States v. Anderson, 724 F.2d 596, 598 (7th Cir. 1984).

The United States proposes that it submit the pre-sentence reports of potential government witnesses to the court for in camera inspection to determine if they contain Brady information that should be subject to disclosure.

### 7. **Disclosure of Personnel Information of Government Employees**

The defendant seeks disclosure of the personnel files of government employees who are potential government witnesses. The defendant has provided no support for his contention that the personnel files should be disclosed because they might contain

impeaching information. Therefore, the defendant provides no basis for disclosure of the requested personnel files or for their production for inspection by the court. <u>U.S. v. Quinn</u>, 123 F.3d 1415 (11th Cir. 1997). When a defendant fails to demonstrate that the contents of a government employee's personnel file contains material evidence, the prosecution should not be required to disclose te file. See e.g., <u>United States v. Pitt</u>, 717 F.2d 1334 (11th Cir. 1983.

The defendant wants to engage in a "fishing expedition" into the personnel files of government witnesses. Mere speculation that a government file might contain <u>Brady</u> material is not sufficient to require an *in camera* inspection. <u>United States v. Andrus</u>, 775 F.2d 825 (7th Cir. 1985).

8. **<u>Brady</u> Motion Conclusion**

As previously observed, The defendant's <u>Brady</u> motion is similar to the motion before the Court in <u>United States v. Molinaro</u>, <u>supra</u>, in that it is "more like a set of written interrogatories in a civil case than a motion for specific <u>Brady</u> materials..." 683 F.Supp at 209. Consequently, the motion should be denied. The government has satisfied its constitutional responsibilities in this case and the defendant's motion requests a wide variety of material which does not fall within the <u>Brady</u>

12

rule. Finally, the United States is aware of its continuing responsibility to disclose information under <u>Brady</u> and its progeny.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
(954) 356-7306
(954) 356-7228 (facsimile)

By: _____
MICHAEL J. DITTOE
Assistant United States Attorney
Court No. A5500209
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
(954) 356-7255
(954) 356-7230 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by mail this <u>6th</u> day of March, 200~~0~~, upon:

Guy Spiegelman, Esq.
Suite 400, 28 West Flagler Street
Miami, Florid 33130

Paul D. Lazurus, Esq.
800 Brickell Avenue
Suite PH2
Miami, Florida 33131

James D. Henderson, Esq.
12121 Wilshire Boulevard
Suite 1120
Los Angeles, California 90022

Donald Bierman, Esq.
800 Brickell Avenue
Penthouse 2
Miami, Florida 3311

William Cone, Esq.
514 S.E. 7th Street
Fort Lauderdale, Florida 33301

Remberto Diaz, Esq.
1435 S. Miami Avenue
Miami, Florida 33130

Martin R. Raskin, Esq.
Grove Forest Plaza
2937 S.W. 27th Avenue
Suite 206
Miami, Florida 33133-3703

Steven Kassner, Esq.
815 Ponce de Leon Blvd.
Suite 303
Coral Gables, Florida 33137

Bruce . Lehr, Esq.
1401 Brickell Avenue
Suite 1040
Miami, Florida 33131

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY